# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MEADE, | Case No. CV 17-8168 FMO (AFMx) |
| Plaintiff, | |
| v. | **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |
| PENNYMAC HOLDING, LLC., et al., | |
| Defendants. | |

Pro se plaintiff Michael Meade ("plaintiff") filed his complaint on November 8, 2017, against numerous defendants. (See Dkt. 1, Complaint). By order dated January 30, 2018, plaintiff was ordered to show cause, on or before February 6, 2018, why this action should not be dismissed for lack of prosecution for failure to complete service of the summons and complaint as required by Rule 4(m) of the Federal Rules of Civil Procedure.[1] (See Dkt. 6, Court's Order of January 30, 2018 ("OSC")). As of the date of this Order, plaintiff has not filed a response to the OSC or any proofs of service. (See, generally, Dkt.).

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action

---

[1] Unless otherwise indicated, all "Rule" references are to the Federal Rules of Civil Procedure.

without prejudice against that defendant[.]" If, however, a plaintiff shows good cause for the failure to serve the complaint within that time frame, the court must extend the time for accomplishing service. See Fed. R. Civ. P. 4(m); see also Muhammed v. Dep't of Treasury, 1998 WL 986245, *3 (C.D. Cal. 1998). The burden of establishing good cause is on the plaintiff. Muhammed, 1998 WL 986245, at *4. The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules." Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir. 1992); see also Townsel v. County of Contra Costa, 820 F.2d 319, 320-21 (9th Cir. 1987) (holding that ignorance of Rule 4 is not good cause for untimely service and affirming dismissal under Rule 4(m), even though the statute of limitations had run).

In addition, a district court may dismiss an action for failure to prosecute or to comply with court orders. Fed. R. Civ. P. 41(b); Link v. Wabash, 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962) (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992) (district court may dismiss action for failure to comply with any court order). Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829, 107 S.Ct. 112 (1986). These factors include: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Id.; Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

Pursuant to Rules 4(m) and 41(b) and the Court's inherent power to achieve the orderly and expeditious disposition of cases, Link, 370 U.S. at 629-30, 82 S.Ct. at 1388, and in light of the factors outlined in Henderson, 779 F.2d at 1423, dismissal of this action without prejudice for failure to effect service within the specified time and comply with the Court's Order to Show Cause issued on January 30, 2018, is appropriate.

| | |
|---|---|
| 1 | Based on the foregoing, IT IS ORDERED that judgment be entered dismissing this action, |
| 2 | without prejudice, for failure to effect service and comply with the orders of this court. |
| 3 | **This Order is not intended for publication. Nor is it intended to be included in or** |
| 4 | **submitted to any online service such as Westlaw or Lexis.** |
| 5 | Dated this 14th day of February, 2018. |

Based on the foregoing, IT IS ORDERED that judgment be entered dismissing this action, without prejudice, for failure to effect service and comply with the orders of this court.

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Dated this 14th day of February, 2018.

/s/
Fernando M. Olguin
United States District Judge